

## IN THE COURT OF COMMON PLEAS
## LOGAN COUNTY, OHIO

| | |
|---|---|
| LEAP OF FAITH ADVENTURES, L.L.C., 724 Eastern Ave. Bellefontaine, OH 44331 | CASE NO. CV 1 8 0 8 0 2 0 1 |
| *Plaintiff,* | JUDGE _____ |
| vs. | **COMPLAINT WITH JURY DEMAND** |
| UATP MANAGEMENT, LLC, c/o Stephen Polozola, Statutory Agent 317 S. Jenkins Ct. Suite C Grapevine, TX 76051 | |
| *Defendant.* | |

### COMPLAINT

Plaintiff Leap of Faith Adventures, L.L.C. ("Plaintiff" or "LOFA"), for its Complaint against Defendant UATP Management, LLC ("Defendant" or "UATP") alleges as follows:

### THE PARTIES

1. LOFA is a limited liability company organized under the laws of the State of Ohio with its principal place of business located at 1604 Township Road 181, Bellefontaine, OH 43311, which is in Logan County, Ohio.

2. Defendant is a limited liability company organized under the laws of the State of Texas with its principal place of business located at 317 S. Jenkins ST, Suite C, Grapevine,

Texas 76051.

3. This is an action asserting claims for violations of the Ohio Deceptive Trade Practices Act and for declaratory judgment.

4. This Court has subject matter jurisdiction and personal jurisdiction over UATP.

5. Venue is proper before this Court because, among other things, LOFA resides in Logan County and LOFA's claims against UATP arise from UATP transacting business in the State of Ohio that is the subject of this Complaint.

## FACTS

6. LOFA was founded in 2010 by Garth Price, who serves as the sole managing member of LOFA. LOFA initially installed zip lines for adventure parks and designed and installed other course for adventure park attractions. LOFA quickly expanded to offer other installation services and consulting services in connection with various parks and to other industry professionals.

7. UATP was formed in May of 2013. UATP is the franchisor of the Urban Air Adventure Park brand, which franchises family entertainment facilities offering wall-to-wall trampolines and other attractions. UATP franchises Urban Air Adventure Parks throughout the United States, including Ohio.

8. Sometime prior to 2016, UATP's founder and CEO, Michael Browning Jr., worked with LOFA in connection with building an outdoor adventure course and was impressed with LOFA's skill level and expertise and came to learn of Mr. Price's role within LOFA.

9. UATP thereafter approached LOFA about performing installation services for attractions for UATP's franchisees of UATP's Urban Air Adventure Parks.

10. LOFA then began to perform installation services for attractions for UATP's

franchisees at UATP's Urban Air Adventure Parks.

11. At the time that LOFA began to perform these services for UATP's franchisees for UATP's Urban Air Adventure Parks, LOFA continued to perform installation and other consulting services for other parks and industry professionals.

12. After LOFA had been installing attractions for UATP's franchisees for the Urban Air Adventure Parks for a period of time, Mr. Price, as a franchisee in his individual capacity, separate and apart from his role with LOFA, entered into a franchise agreement with UATP, as the franchisor, for an Urban Air Adventure Park located in Dublin, Ohio.

13. The franchise agreement contains a clause that purports to prohibit Mr. Price from diverting or attempting to divert business from any UATP Urban Air Adventure Park to any competitive business and prohibits Mr. Price from having a relationship or association with any competitive business other than a UATP-franchised business during the term of the franchise agreements and for a period of time thereafter.

14. UATP began asserting that LOFA was prohibited from performing services for other trampoline parks or similar facilities other than UATP's Urban Air Adventure Parks pursuant to the purported non-compete provisions in the franchise agreement by and between Mr. Price (in his individual capacity) and UATP for an Urban Air Adventure Park. However, LOFA is not a party to any franchise agreement with UATP.

15. Moreover, when LOFA performs installation services for one of UATP's franchisees for an Urban Air Adventure Park, LOFA enters into a contract with the franchisee, which similarly does not contain a non-competition provision nor does it prohibit LOFA from performing installation services or other services for other trampoline parks or similar facilities other than UATP's Urban Air Adventure Parks.

16. UATP thereafter sought LOFA to execute a non-competition agreement that would prohibit LOFA from performing services for other trampoline parks and similar facilities other than UATP Urban Air Adventure Parks despite the fact that UATP sought the installation services of persons or entities other than LOFA.

17. LOFA refused to sign any non-competition agreement offered by UATP.

18. To date, LOFA has not signed nor entered into any contract or agreement with UATP that prohibits LOFA in any way from performing services for other trampoline parks or similar facilities other than UATP Urban Air Adventure Parks.

19. Despite these facts, UATP insists that LOFA is prohibited from performing installation services and other services for other trampoline parks or similar facilities other than UATP's Urban Air Adventure Parks.

20. UATP has recently threatened to take legal action to prevent LOFA from performing installation services and other services for parks other than UATP's Urban Air Adventure Parks.

21. Additionally, on August 8, 2018, UATP, through one of its officers, misrepresented to a third-party business with whom LOFA does business that LOFA is subject to a non-competition agreement with UATP. UATP threatened to take legal action against the third-party business should it become affiliated with LOFA and provide services or products to any other trampoline park or similar facility other than a UATP Urban Air Adventure Park that UATP. This misrepresentation was made with the intent to intimidate and dissuade the third-party business from continuing to do business with LOFA.

22. Upon information and belief, UATP has made similar misrepresentations and threats to other businesses and persons with whom LOFA does business with the intent of

4

dissuading those business and persons from doing business with LOFA.

## COUNT I – VIOLATION OF THE OHIO DECEPTIVE TRADE PRACTICES ACT

23. LOFA incorporates the allegations above as in fully re-written herein.

24. By UATP misrepresenting that LOFA is subject to a non-competition agreement with UATP that prohibits LOFA from performing work for trampoline parks and similar facilities other than UATP's Urban Air Adventure Parks when no such agreement or restriction exists, UATP has disparaged the goods and services of LOFA by making false representations of fact. *See* Ohio Rev. Code. § 4165.01 *et seq.*

25. UATP's deceptive trade practices have damaged LOFA.

## COUNT II – DECLARATORY JUDGMENT

26. LOFA incorporates the allegations above as in fully re-written herein.

27. Pursuant to Ohio Rev. Code § 2721.02, the Court may declare the rights, status, or other legal relations between LOFA and UATP.

28. At no point in time was LOFA ever restricted, by contract or otherwise, from performing services for other trampoline parks or similar facilities other than UATP Urban Air Adventure Parks. Despite this, UATP is contending that LOFA is prohibited from performing services for other trampoline parks and similar facilities other than UATP Urban Air Adventure Parks.

29. A real and justiciable controversy exists between the parties.

30. LOFA is entitled to a declaration that there is no non-competition agreement, restriction on trade agreement, or any other covenant, contract, constraint, restriction, agreement, arrangement, requirement, commitment, duty, responsibility, promise, pledge, or obligation of any form whatsoever that prohibits LOFA from performing services for other trampoline parks

and similar facilities other than UATP's Urban Air Adventure Parks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Leap of Faith Adventures, L.L.C. seeks:

(a) That LOFA be awarded a judgment against UATP in an amount in excess of $25,000;

(b) That LOFA be awarded its attorneys' fees in this action;

(c) Declaratory relief based upon the facts and claims set forth above;

(d) A preliminary and permanent injunction, prohibiting UATP from:

  i. Making threats, misrepresentations, or other statements to LOFA that LOFA is prohibited from performing services for other trampoline parks or similar facilities other than UATP's Urban Air Adventure Parks;

  ii. Making threats, misrepresentations, or other statements to LOFA's business partners, both present and in the future, in connection with LOFA servicing other trampoline parks or similar facilities other than UATP's Urban Air Adventure Parks;

  iii. Taking any actions aimed to prevent LOFA from performing services for other trampoline parks or similar facilities other than UATP's Urban Air Adventure Parks and/or aimed to disturb, interfere, disrupt, or otherwise cause harm to LOFA's business relationships with other trampoline parks or similar facilities other than UATP's Urban Air Adventure Parks; and

(e) Costs and expenses associated with this action, and such other relief as the Court deems appropriate in law or equity.

Respectfully submitted,

/s/ Michael J. Garvin

Michael J. Garvin (0025394)
*Trial Attorney*
**VORYS, SATER, SEYMOUR AND PEASE LLP**
200 Public Square, Suite 1400
Cleveland, OH 44114
(216) 479-6100
(216) 479-6060 *facsimile*
mjgarvin@vorys.com

Co-Counsel:
Jessica Knopp Cunning (0089165)
**VORYS, SATER, SEYMOUR AND PEASE LLP**
106 S. Main Street, Suite 1100
Akron, OH 44308
(330) 208-1000
(330) 208-1001 *facsimile*
jkcunning@vorys.com

*Attorneys for Plaintiff Leap of Faith Adventures, L.L.C.*

## JURY DEMAND

Plaintiff Leap of Faith Adventures, L.L.C. demands this trial be conducted before a jury for all matters in its Complaint so triable.

_____
Michael J. Garvin (0025394)
Trial Attorney
**VORYS, SATER, SEYMOUR AND PEASE LLP**
200 Public Square, Suite 1400
Cleveland, OH 44114
(216) 479-6100
(216) 479-6060 *facsimile*
mjgarvin@vorys.com

*Attorney for Plaintiff Leap of Faith Adventures, L.L.C.*